IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | Criminal No. 21-38 Erie |
| ISAAC AARON CUNNINGHAM | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Paul S. Sellers, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Distribution of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance<br>On or about May 6, 2021 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |

### II. ELEMENTS OF THE OFFENSE

**A.  As to Count 1:**

In order for the crime of distribution of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C),

to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That on or about the date set forth, the defendant distributed or possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

    2.    That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

    3.    That methamphetamine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II.

## III. PENALTIES

**A.    As to Count 1: Distribution of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

    1.    A term of imprisonment of not more than twenty (20) years.

    2.    A fine not to exceed $1,000,000.

    3.    A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

    1.    A term of imprisonment of not more than thirty (30) years.

    2.    A fine not to exceed $2,000,000.

    3.    A term of supervised release of at least six (6) years.

## IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. **RESTITUTION**

Not applicable in this case.

## VI. **FORFEITURE**

Not applicable in this case.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney

*[signature]*

PAUL S. SELLERS
Assistant U.S. Attorney
PA ID No. 316175
