1             IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
2

3  UNITED STATES OF AMERICA     :
                         :
4     v.               :      Criminal No. 1:21-cr-38
                         :
5  ISAAC A. CUNNINGHAM        :

6

7

8     Transcript of proceedings on July 7, 2022, United
     States District Court, Erie, Pennsylvania, before
9  District Judge Susan Paradise Baxter.

10

11

12

13  APPEARANCES:

14     For the Government:   U.S. Attorney's Office
                           Paul S. Sellers, Esquire
15                      U.S. Courthouse
                      17 South Park Row, Room A320
16                      Erie, PA 16501

17     For the Defendant:    Federal Public Defender
                           Aaron Sontz, Esquire
18                      1001 State Street
                      Suite 1111
19                      Erie, PA 16501

20     Court Reporter:       Janis L. Ferguson, RPR, CRR
                      17 South Park Row
21                      Room A340
                      Erie, PA 16501
22

23

24

     Proceedings recorded by mechanical stenography;
25  transcript produced by computer-aided transcription.

```
 1                    P R O C E E D I N G S

 2                         1:34 p.m.

 3         (In open court, Defendant present with counsel.)

 4              THE COURT:  Good afternoon.  Please be seated.

 5                   We are here today for the sentencing of Isaac

 6    Aaron Cunningham, Criminal Action No. 21-38-Erie.

 7                   Please place the Defendant under oath.

 8         ISAAC A. CUNNINGHAM, a witness herein, having been first

 9    duly sworn, was examined and testified as follows:

10              THE COURT:  Would counsel please enter appearances

11    on the record.

12              MR. SELLERS:  Good afternoon, Your Honor.  Paul

13    Sellers on behalf of the United States.

14              THE COURT:  Thank you.

15              MR. SONTZ:  Good afternoon, Your Honor.  Aaron Sontz

16    for Mr. Cunningham.

17              THE COURT:  Thank you.

18                   Mr. Cunningham, please state your full name.

19              MR. CUNNINGHAM:  Isaac Aaron Cunningham.

20              THE COURT:  Would you place the microphone closer to

21    him for the court reporter.  Thank you.

22              (Discussion held off the record.)

23              MR. CUNNINGHAM:  Isaac Aaron Cunningham.

24              THE COURT:  Thank you.

25                   Have you had taken any drugs, medication, or
```

```
 1   had any alcoholic beverages in the past 24 hours that might
 2   affect you today?
 3           MR. CUNNINGHAM:  No, ma'am.
 4           THE COURT:  Are you now or have you recently been
 5   under the care of a physician or psychiatrist?
 6           MR. CUNNINGHAM:  No, ma'am.
 7           THE COURT:  Are you now or have you recently been
 8   hospitalized or treated for a narcotic addiction?
 9           MR. CUNNINGHAM:  I've been in rehab, yes.
10           THE COURT:  And how recently?
11           MR. CUNNINGHAM:  A couple years, maybe.
12           THE COURT:  A couple years ago?
13           (Mr. Cunningham nods head.)
14           THE COURT:  Okay.  Do you understand what is
15   happening today?
16           MR. CUNNINGHAM:  I do.
17           THE COURT:  Mr. Sontz, have you been able to
18   effectively communicate with your client?
19           MR. SONTZ:  Yes, Your Honor.
20           THE COURT:  Do you have any doubt as to his
21   competence to be sentenced today?
22           MR. SONTZ:  No, Your Honor.
23           THE COURT:  Do you have any doubt, Mr. Sellers, as
24   to Mr. Cunningham's competence to be sentenced today?
25           MR. SELLERS:  No, Your Honor.
```

THE COURT:  Based on the representations of each
counsel and the Court's independent questioning, I find that
Mr. Cunningham is competent to be sentenced today and able to
effectively participate in this proceeding.

Let the record reflect that Mr. Cunningham pled
guilt to count one of the indictment on January 7th, 2022 and
was adjudged guilty of distribution of a mixture and substance
containing a detectable amount of methamphetamine, a Schedule
II controlled substance, on or about May 6th, 2021, in
violation of Title 21 of the United States Code, Sections
841(a)(1) and 841(b)(1)(C).

Following the guilty plea, the Court directed
the probation office to prepare a presentence investigation
report and scheduled a sentencing hearing for today, July 7th.

The Court has received and reviewed the
presentence investigation report and addenda thereto prepared
by the United States Probation Office.  I have spoken with the
officer who prepared the report privately, and she is in the
courtroom today.

The United States Sentencing Guidelines in and
of themselves have been declared to be advisory to the Court
and are no longer mandatory.  The Sentencing Court may not
presume or take for granted that the advisory guidelines range
or any particular guideline sentence is reasonable in this
case.  Therefore, the guidelines are not only not mandatory,

```
 1   they are not presumed to be reasonable in a given case.

 2                  Let the record reflect that the Court has

 3   received and reviewed all sentencing materials filed on the

 4   docket, including the following:  Defendant's position with

 5   respect to the sentencing factors, the addendum to the

 6   presentence report by the United States Probation Office, the

 7   Defendant's sentencing memorandum and supporting letters, and

 8   the supplemental addendum to the PSIR by probation.

 9                  We will now go into side-bar and off the

10   record.  So I'm going to need the investigator, the mom, and

11   the probation officer to exit the courtroom so it will be

12   easier for the court reporter.

13        MR. SONTZ:  Your Honor, would it be all right if my

14   investigator, Miss Jackson, was permitted to remain in the

15   courtroom?  She's familiar with the --

16        THE COURT:  You know, if there's no dispute on that,

17   I believe she's allowed.  Is that correct?

18        MR. SELLERS:  I think she's an agent of the

19   Defendant.

20        THE COURT:  So she's able to be.  All right.

21                  Please be seated.  I'm sorry.

22        MR. SONTZ:  Thank you, Your Honor.

23        (Discussion held off the record.)

24        (Whereupon a discussion was held on the record at

25   side-bar.)
```

```
                              *  *  *  *  *

                (End of discussion at side-bar.)

          THE COURT:  Mr. Sellers, do you have any witnesses

or victims present in the courtroom?

          MR. SELLERS:  No, Your Honor.

          THE COURT:  And it's not your intention to have an

evidentiary hearing; is that correct?

          MR. SELLERS:  That is correct, Your Honor.

          THE COURT:  Mr. Sontz, have you and your client read

and discussed the presentence report?

          MR. SONTZ:  Yes, Your Honor.

          THE COURT:  And are you expecting an evidentiary

hearing today?

          MR. SONTZ:  No, Your Honor.

          THE COURT:  Do you have any witnesses or speakers in

the courtroom?

          MR. SONTZ:  Aside from Mr. Cunningham, no, Your

Honor.

          THE COURT:  All right.  Then we'll have him speak at

the time when both parties will have their arguments.

                    Pursuant to Federal Rule of Criminal Procedure

32(e)(3) and the local rules of this court, the recommendation

of the probation office is not disclosed to the Defendant or

the counsel for the Defendant or the counsel for United

States.  But in determining the sentence, the Court will not
```

consider any factual or legal matter that has not been
disclosed to Mr. Cunningham and all counsel.

Are there any matters regarding the application
of any provisions of the advisory guidelines that I have not
already addressed either now or previously?

MR. SELLERS:  None from the Government.

MR. SONTZ:  No, Your Honor.

THE COURT:  All right.  And we have a plea agreement
in this case.  And there are no claims for restitution.  Is
that correct?

MR. SELLERS:  That is correct, Your Honor.

THE COURT:  Then consistent with my review of the
presentence investigation report and my independent review and
their review, I make the following advisory sentencing
guideline calculations and tentative findings:

Mr. Cunningham's overall offense score is 21.
Under the United States Sentencing Guidelines, his prior
record score results in a Category V criminal history score.
According to the sentencing table, an offense level of 21 and
a criminal history category of V results in a guideline
sentence of 70 to 87 months.

At count one, the guideline range for a term of
supervised release pursuant to the United States Sentencing
Guidelines, Section 5D1.2(a)(2) is three years.

Since the applicable guideline range is in Zone

D of the sentencing table, Mr. Cunningham is not eligible for probation.  I cite the United States Sentencing Guidelines, Section 5B1.1, in the comments section Note 2.

Pursuant to the United States Sentencing Guidelines Section 5E1.2(c)(3), the fine range for this offense is from $15,000 to $1 million, and a special assessment of $100 is mandatory.

Counsel, are there any objections or disagreements to these findings?

MR. SELLERS:  No, Your Honor.

THE COURT:  Mr. Sontz?

MR. SONTZ:  No, Your Honor.

THE COURT:  Mr. Sontz, therefore, would Mr. Cunningham like to give his statement before you argue on his behalf?

MR. SONTZ:  Yes, Your Honor.  But regarding Mr. Cunningham's statement, he did prepare a letter; that he was afraid that he might be too nervous to speak.  I can -- I can mark the letter as an exhibit and provide it to the Court, or I can read it into evidence; however Your Honor prefers.

THE COURT:  I think we could do both.

MR. SONTZ:  Okay.  Then I will mark this as Defense Exhibit A.

THE COURT:  But I would prefer it to be read into the record, because I have not read it, obviously.

```
 1          MR. SONTZ:  I'll just read it into evidence.

 2                    It says, "Honorable Susan Paradise Baxter.

 3    Your Honor:  I'm writing you because I'm probably going to be

 4    too nervous to talk at my sentencing, but I do not want to --

 5    but I do want to say a few things.

 6                    "First, I take full responsibility for my

 7    crime.  I know what I did is wrong.  I have been battling

 8    addiction for almost 30 years.

 9                    "While ECP was the worst jail I've been in

10    because we are locked down so much, it has given me a lot of

11    time to think.  I have realized that for the first time what I

12    need and what I want are the same.  I want to overcome my

13    addiction.  I want to live a normal life.  I want to spend

14    time with my mom, and I want her to be able to spend time with

15    me that's not in the prison, when I am in a drug-induced

16    state -- or when I'm in a drug-induced state."

17                    (Discussion held off the record.)

18          MR. SONTZ:  "When I come home, I plan on going to as

19    many 12 Step meetings as I can and continue for the rest of my

20    life.  I now firmly believe that is the only chance I have.  I

21    also plan to get a job using my welding skills that I acquired

22    at BMI, where I graduated with a 4.0 GPA in 2016.

23                    "I have to go to state prison for a couple of

24    years because of my federal charges.  I would like to request

25    that my federal sentence run with my state sentence, and, if
```

possible, I can get out when my state sentence is done and do
any remaining federal time on house arrest.  Of course, I am
asking that -- of course, I am asking that for myself, but I'm
asking for my mother's benefit more so.  I got worried when
she has to drive any distance to visit me, and I don't want
her to get into an accident while traveling.

"I hope that you will take that into
consideration when you sentence me.  Thank you.  Respectfully,
Isaac Cunningham."

THE COURT:  Thank you.  Thank you, sir.

Mr. Sontz?

(Discussion held off the record.)

MR. CUNNINGHAM:  Should I --

THE COURT:  Go ahead.

MR. CUNNINGHAM:  Your Honor, sorry.  I guess, like
I -- like I said, I do take responsibility for this.  I'm the
only one that made myself do what I did.  I made the choice to
do it.

I guess, like I said, I've been a drug addict
for a long time, and this is the first time that I actually
want to do right, stay clean, make something of my life, make
myself proud, make my mom proud, give something back to the
community.  Maybe volunteer.  Maybe Anna Shelter, something
like that.  I love dogs.  Get a job.

And I've seen in the past -- I have never

really wanted to stay clean because I didn't think I could. I have seen so many addicts that –– that don't –– that never recover. And I accepted that as that's what it was going to be like for me. But I don't accept that anymore. I want to do right. I want to live a normal –– normal life.

Like I said, I want to make my mom proud, me proud, do something for the community, all that.

But I guess that's all I wanted to say. Thank you.

THE COURT: I hope you do that this time. You are obviously an incredibly intelligent man. You have breezed through programs and courses that others struggle with. And you just throw your life away with drugs like this, even though you unfortunately started at such a young age for unfortunate reasons.

But you can climb out of this. It's up to you.

MR. CUNNINGHAM: Yes, Your Honor.

THE COURT: Mr. Sontz.

MR. SONTZ: I also have a letter –– in addition to the letter that we attached to the sentencing memo, Mr. Cunningham's mother, Debra Cunningham, is also present in the courtroom. She wrote a letter that I will –– I'll mark this as Defense Exhibit B. And Miss Cunningham has asked that I read this into the record also.

It says –– it's dated June 28, 2022. "Your

Honor:  I'm writing this on behalf of my son, Isaac
Cunningham, who is currently lodged in the Erie County Prison
awaiting sentencing on July 8th.  He has both a federal and a
state charge.  My hope is that you will specify --"

(Attorney Sontz interrupted by the reporter.)

MR. SONTZ:  "He has both a federal and a state
charge.  My hope is that you will specify these sentences run
concurrently.

"I am humbly asking that the Court show mercy
in this regard.  Thank you for your consideration of the
matter.  Respectfully, Debra Cunningham."

And, again, Your Honor, she also submitted a
more thorough letter that we attached to the sentencing --

THE COURT:  I have read that one; that's why I
wondered if this was the same.  All right.

MR. SONTZ:  Your Honor, those are all the witnesses
that we have.

THE COURT:  Thank you.  You may make your argument
at this point.

MR. SONTZ:  Thank you, Your Honor.

I would just note that as pointed out in the
sentencing memorandum and in the presentence investigation
report, Mr. Cunningham has been a life-long drug addict.  And
as Your Honor has already alluded to -- you know, I hate to
say it.  You know, I don't like saying it, but he really has

wasted his life, or at least a large portion of his life, with

his -- with his drug addiction. And just hearing those words

come out of my mouth just make me feel terrible in saying

that; thinking that somebody could waste their life.

But just from the brief period of time that

I've known Mr. Cunningham and interacted with him and from

reviewing his records, he really does have an aptitude for

study, for applying himself when -- when he is able to, when

he's not struggling with his addiction or his mental health

issues. And it really is unfortunate, you know, and -- it's

unfortunate that he has not been able to overcome this issue

and that he's been struggling with it for his entire life.

And in the sentencing memo, I noted -- and I

usually don't do this. But I noted the first time that I met

Mr. Cunningham was in the U.S. Marshal's Office, and he was

like a totally different person after -- when I first met him.

He was clearly under the influence, he was crashing hard.

It appeared he -- it appeared he could barely stay awake.

And then as I got to know him, I -- he revealed

his intelligence to me; his insight. You know, his ability to

read and study case law. And it just really is unfortunate

that he has struggled so extensively with his drug addiction.

And while Mr. Cunningham has taken

responsibility for his actions, you know, he said to the Court

he's the one who made the decision to do what he did. I can't

```
 1   help but think that he -- he's not a hundred percent to blame.
 2   I mean, it's -- there's -- there's -- his life history, the
 3   circumstances of his life have also greatly affected his
 4   ability to overcome his drug addiction.
 5               He has received help along the way.  I mean, he
 6   has -- he has been in and out of drug treatment in the past,
 7   and I think Mr. Cunningham explained that.
 8               But he appears to be genuinely interested in --
 9   in maintaining his sobriety.  For his sake, you know, if -- if
10   it's not true, it's likely he won't last much longer.
11               The fentanyl -- and I've had this conversation
12   with Mr. -- with Mr. Cunningham.  The fentanyl analog that he
13   pled guilty to possessing is an extremely potent substance,
14   and if he had tried to use it, it is likely he would not have
15   survived it.  And he knows that.  He's aware of that.
16               Mr. Cunningham, as I think is mentioned in the
17   presentence investigation report, he's overdosed several
18   times.  And he's not a spring chicken anymore.  He's 43 years
19   old.  He's got to get this under control or he's not going to
20   be on this planet any -- too much longer, and, you know, his
21   mother will have to deal with the consequences of that, which
22   I'm sure Mr. Cunningham is not excited about.
23               I think I may have inspired Mr. Cunningham.  He
24   would like to say one additional thing to the Court.
25               THE COURT:  All right.
```

MR. CUNNINGHAM:  I just wanted to say while I've been in jail, the only thing I do -- I don't come and hang out with people.  I come out, I work out.  And while I'm in the cell, I watch TED talks on addiction and mental health.  That's what I do every night.  I watch them -- I watch a lot of them.  And I read and -- on the same subject.

So I'm -- I'm really trying to do everything I can while I'm -- that's all.

THE COURT:  I appreciate that.  And I do want to say that even though you commented about the lockdown at Erie County Prison, that's actually everywhere because of the pandemic the last two years.  So that would not be different in any State Correctional Institution or Federal Correctional Institution.  It's the same.

MR. SONTZ:  So, Your Honor, just the last thing I would like to say is our request for sentence, we are asking for a period of incarceration of 35 months, with a recommendation that it be a sentence that Mr. Cunningham be permitted to serve his sentence concurrently to the state parole violation sentence that's already been imposed and with the recommendation that Mr. Cunningham be permitted to serve his sentence in a state facility.  And that will -- if the -- if that happens, that will allow Mr. Cunningham to have continuity in treatment, have -- maintain, you know, consistency of the services and of the programming that he

receives, as opposed to, you know, going to the federal prison
system and be provided with one set of services and then being
released to the state system and then having a second set of
services that might not -- you know, starting back from square
one with different providers, different doctors, things of
that nature.

So that is our request for sentence.  Thank
you.

THE COURT:  Thank you, sir.

Mr. Sellers?

MR. SELLERS:  Thank you, Your Honor.

There is no doubt from the record that
Mr. Cunningham has struggled with addiction for quite some
time.  And individuals who are struggling with addiction
frequently make a lot of choices, do a lot of things to fuel
their addiction.  They are faced with few options and few
choices, and even fewer of those are exemplary.

But of the bad choices and the bad options that
Mr. Cunningham faced, he chose one of the worst, which was to
use the dark web to fuel his own addiction, but also to fuel
the addiction of those who he was providing these drugs to and
to keep those individuals under the thumb of addiction as well
as himself.

The amounts that Mr. Cunningham sold are
relatively modest by federal standards, but still represent a

consequential amount of drugs.  44.7 grams of methamphetamine
is conservatively between 100 and 200 individual doses of
methamphetamine, and 10.9 grams of a fentanyl analog is, quite
frankly, a terrifying amount of a fentanyl analog.

THE COURT:  Serious stuff.

MR. SELLERS:  Based on this, I think the Court
should take those factors into account when fashioning the
appropriate sentence in this case.

THE COURT:  Thank you.

Is there any reason why sentence should not be
pronounced at this time?

MR. SONTZ:  No, Your Honor.

MR. SELLERS:  No, Your Honor.

THE COURT:  I'm required, Mr. Cunningham, to reflect
on the seriousness of this offense and to promote by your
sentence a respect for the law, while providing a just and
sound punishment commensurate to the offense.  The sentence
should afford adequate deterrence to criminal conduct, not
just by you, but by others in society.

In determining your sentence, I considered the
advisory sentencing guidelines and any applicable policy
statements and sentencing factors, I considered the types and
kinds of sentences to protect the public from commission of
further crimes by you, and I also considered any needed
educational or vocational training or medical or correctional

treatment in the most effective manner possible.  I also must
take care to avoid any undue or unjust disparities in
sentencing.

Therefore, having considered all legally
permitted evidence as presented by the Court, the arguments of
counsel, and your statement, I now consider factors set forth
in Title 18 of the United States Code, Section 3553, which are
the nature and circumstances of the offense as set forth in
the plea hearing record, the presentence investigation report,
and your history and characteristics as set forth at length in
the presentence record, including your family and personal
data, physical condition, mental and emotional health,
educational and vocational skills, and employment record.

Because it is the obligation of the Court to
fix a sentence that is sufficient, but not greater than
necessary to comply with the purposes of sentencing, I reason
as follows:

You pled guilty to one count of distribution of
a mixture and substance containing a detectable amount of
methamphetamine.  As part of your plea agreement, you agreed
that 44.7 grams of a mixture or substance containing
methamphetamine was attributable to you.

You reported that you were born in Titusville,
but raised by your mother and grandmother in Tidioute.  You
reported a childhood that you claimed was, quote, "good in

general," end quote, but was marked with grief, loss, and mental illness. You were basically abandoned by your father before you were born and you never knew him. Your mother and grandmother struggled with your uncle's death, such that your grandmother, with whom you and your mother lived, became somewhat despondent, as I read, and your mother struggled with mental illness, often leaving you places for days on end at a young age.

You began using drugs at an early age. But to your credit, you have reported that you've earned your GED and completed technical training with superior grades. As I stated before, you are clearly intelligent, and you are capable of success.

You reported that you are in good physical health, but you do have a diagnosis of hepatitis C. You do not take any medication for physical conditions, and you are not currently under the care of a medical doctor. Is that correct?

MR. CUNNINGHAM: That's correct.

THE COURT: You reported struggling with mental health issues and have been diagnosed with bipolar and anti-social personality disorder. Prior to your detention, you were prescribed Zyprexa and gabapentin.

Further, you are an addict, which is the big point here today. You reported abusing drugs beginning at age

13.  You reported that you have overdosed three times.  You
reported that you have participated in several substance abuse
programs, most of which you either left or did not
successfully complete, but most recently at the Erie County
Prison, from which you did graduate, as it were.  You have
also been unsuccessful in that many of these programs
discharged you.

In addition, you have a lengthy criminal
record, indicative of a person with a long history of
substance abuse.

The seriousness of the offense tends toward a
punishment that will impress upon you that you must have
respect for the law and that serious punishment will result
from your continued violation of it.  The Court must also
consider some added layer of deterrence so to impress upon you
to futility of continued criminal conduct to enforce the law
and protect the public.

Does either counsel wish to disagree with or
object to anything I've said in support of my sentence?

MR. SELLERS:  No, Your Honor.

MR. SONTZ:  No, Your Honor.

THE COURT:  Please stand, Mr. Cunningham.

It is the judgment of this Court, therefore,
that Defendant Isaac Aaron Cunningham is committed to the
custody of the Bureau of Prisons to be imprisoned for a term

of 35 months at count one, to run concurrently with his parole violation sentence. I recommend that he serve his federal sentence in a state facility, but if that is not the plan of the Bureau of Prisons, that he be housed in a facility as close to Erie, Pennsylvania as possible.

I recommend strongly that he be enrolled in every drug program, mental health, and medical program and vocational program that is available to him at his assigned institution.

Upon release from imprisonment, he shall be placed on a term of supervised release for a term of three years at count one.

Within 72 hours of his release from the custody of the Bureau of Prisons, he shall report in person to the probation office in the district to which he is released.

You may be seated. I am going to give the terms of your supervised release, and they are lengthy, so you may be seated.

While on supervised release, you shall not commit another federal, state, or local crime, you shall comply with the standard conditions of supervision recommended by the Sentencing Commission and adopted by this court, and you shall comply with the following additional conditions:

You shall not illegally possess a controlled substance.

1          You shall not possess a firearm, ammunition,

2    destructive device, or any other dangerous weapon.

3          You shall participate in a mental health

4    assessment or treatment program approved by the probation

5    officer, if needed, until such time as you are released from

6    the program by the Court.  You shall be required to contribute

7    to the costs of those services, if able, in an amount

8    determined by the probation office.  These costs shall not

9    exceed the actual cost of the service.

10          The probation office is authorized to release

11    your presentence report to a treatment provider if it is

12    requested.

13          You shall participate in a program of testing

14    and, if necessary, treatment for substance abuse; said program

15    to be approved by the probation officer until such time as you

16    are released from the program by the Court.

17          You shall be required to contribute to the

18    costs of those services, if able, for any such treatment in an

19    amount determined by the probation officer, but not to exceed

20    the actual cost.

21          You shall submit to one drug urinalysis within

22    15 days after being placed on supervision and at least two

23    periodic tests thereafter.

24          It is further ordered that you shall not

25    intentionally purchase, possess, and/or use any substance or

substances designed to simulate or alter in any way your own urine specimen.

In addition, you shall not purchase, possess, and/or use any device or devices designed to be used for the submission of a third-party urine specimen.

You shall submit your person, property, house, residence, vehicles, papers, business, or place of employment to a search conducted by a United States Probation Services officer at a reasonable time and in a reasonable manner, based on reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation of that supervision.

You shall inform any other residents that the premises may be subject to searches pursuant to this condition.

You shall cooperate in the collection of DNA as directed by the probation officer, pursuant to Title 28 of the Code of Federal Regulations, Section 28.12, the DNA Fingerprint Act of 2005, and the Adam Walsh Child Protection and Safety Act of 2006.

The Court finds that you cannot pay a fine; therefore, a fine is waived.

It is further ordered that you shall pay the special assessment, which is mandatory, of $100 to the United States District Court forthwith.

This sentence satisfies the statutory and guideline requirements and takes into consideration all of the information contained in the record. Viewing this case in its entirety, including all information provided to the Court, the Court finds that a sentence of 35 months of incarceration balances, on the one hand, your acceptance of responsibility and substance abuse history with, on the other hand, the serious nature of your offense, your criminal history, and the need for just punishment, deterrence, and rehabilitation.

The sentence imposed is sufficient, but not greater than necessary, conforms to the statutory requirements and the advisory guidelines, avoids unwarranted sentencing disparities, reflects the seriousness of the offense, promotes respect for the law, provides just and sound punishment for the offense, and affords adequate deterrence to future criminal conduct.

Mr. Cunningham, you will receive a copy of my judgment order which will contain a written description of this judgment that I just imposed and all the conditions that I have imposed. This document will serve as a guide for your conduct going forward.

I must advise you at this time that you have appellate rights.

You have the right to appeal under the law under certain circumstances, particularly if you think the

```
 1    sentence is contrary to the law.  If you choose to file an
 2    appeal, you must do so within 14 days.  If you are unable to
 3    pay the costs of an appeal, you may apply for leave to file in
 4    forma pauperis.  If you are given leave to appeal in forma
 5    pauperis, you must request for the Clerk of Court to prepare
 6    and file forthwith a Notice of Appeal on your behalf.
 7                In addition, if you cannot afford a lawyer on
 8    appeal, you may petition the Courts of Appeal to appoint one
 9    to representative you without cost.
10                Do you understand your appellate rights?
11            MR. CUNNINGHAM:  Yes, ma'am.
12            THE COURT:  You are hereby directed to the custody
13    of the United States Marshals at this time.  And you will be
14    notified by the Bureau of Prisons as to any further movement
15    from here to the institution where you will serve your
16    sentence.
17                Are there any other matters for consideration
18    at this time?
19            MR. SELLERS:  No, Your Honor.
20            MR. SONTZ:  No, Your Honor.
21            THE COURT:  Thank you.  And I wish you the best of
22    luck, sir.  Work hard, fight the addiction.
23                We are adjourned.
24            MR. SONTZ:  Thank you, Your Honor.
25                (Hearing concluded at 2:38 p.m.)
```

C E R T I F I C A T E

I, JANIS L. FERGUSON, RPR, CRR, certify that the
foregoing is a correct transcript from the record of
proceedings in the above-entitled case.

\S\  Janis L. Ferguson          9/29/22
JANIS L. FERGUSON, RPR, CRR    Date of Certification
Official Court Reporter